# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

**JOHN BALLARD, Trustee, and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,**

      **Plaintiffs,**

  *vs.*

**RCM CONSTRUCTION, INC.,**

      **Defendant.**

**CAUSE NO.  1:13-cv-1751-JMS-DKL**

## REPORT AND RECOMMENDATION

**Plaintiffs' *Request for Default Judgment and Permanent Injunction*  [doc. 29]**

Plaintiffs, an employee-benefit fund of the International Union of Operating Engineers Local Union No. 103 and one of the fund's trustees, sued Defendant, an employer, for violating the terms of a collective bargaining agreement by failing to make required contributions to the fund based on hours worked by its union employees.  After Defendant failed to plead or otherwise defend, default was entered against it.  Plaintiffs now move for entry of final judgment and issuance of a permanent injunction.  The district judge referred the matter to this magistrate judge for preparation of a recommended disposition.  *Order Referring Motion* [doc. 34].  This report and recommendation, consisting of the following recommended findings of facts and conclusions of law, fulfills that reference

**1.** Plaintiffs, Mid Central Operating Engineers Health and Welfare Fund and one of its trusteed, John Ballard, filed their *Complaint* on November 1, 2013. [Doc. 1.] The Clerk issued summons for defendant RCM Construction, Inc., in care of its registered agent, John M. Raef, on November 4, 2013. [Doc. 3.] Proof of service, showing personal delivery of the summons on Mr. Raef on March 6, 2014, was filed on August 29, 2014. [Docs. 5, 8, 10, and 11.]

**2.** Also on August 29, 2014, Plaintiffs moved for Clerk's entry of default, under Fed. R. Civ. P. 55(a). [Doc. 12.] Defendant did not respond to Plaintiffs' motion and the Clerk entered Defendant's default on September 22, 2014, finding that it had failed to plead or otherwise defend in this action. [Doc. 14.]

**3.** On Plaintiffs' motion, [doc. 15], the Court ordered a representative of Defendant to appear and produce in open court on November 18, 2014 specified records showing the work history of Defendant's employees for the period from March, 2014, through the date of production. [Doc. 16.] When Defendant failed to appear, an order to show cause was issued to Defendant to appear, by its highest officer, on December 18, 2014, to show cause why it should not be held in contempt for its non-compliance with the order to appear and produce. [Docs. 19 and 20.] When Defendant failed to appear at the show-cause hearing, another order to show cause was issued directly to John Raef, Defendant's registered agent, ordering him to appear before the Court on January 15, 2015, to show cause why he failed to comply with the previous order to show cause and warning him that a failure personally to appear as ordered would result in the issuance of a body

2

attachment to the United States marshal to bring him before the Court.  [Docs. 22 and 23.]
On Plaintiffs' motion, [doc. 24], the show-cause hearing was continued to February 17,
2015, [doc. 25].

**4.**  At the February 17, 2015 show-cause hearing, Plaintiffs reported that Defendant
had produced all of the records and information that they had been seeking, which would
permit them to seek judgment for a sum certain.  Mr. Raef had telephoned the Court to
advise that he was snowed-in out-of-state and could not appear for the hearing.  [Doc.
32.]

**5.**  On February 26, 2015, Plaintiffs filed the present motion for entry of judgment
and issuance of a permanent injunction, [doc. 29], which they supported with affidavits
by the fund's Bookkeeping Supervisor, [doc. 29-1], and Plaintiffs' counsel, [doc. 29-2], and
by a brief in support of the injunction, [doc. 30].  Plaintiffs also submitted proposed
findings of facts and conclusions of law in support of their requested permanent
injunction.  [Doc. 31.]

**6.**  Defendant has not responded to, or otherwise defended against, Plaintiffs'
motion for entry of judgment and issuance of permanent injunction.

**7.**  An entry of default does not establish liability *per se*; rather, a defaulted
defendant is deemed to have admitted a complaint's well-pleaded facts respecting
liability.  A defaulted defendant may yet challenge, and a court has the responsibility to
determine, whether the well-pleaded factual allegations state plausible and legally-

cognizable claims.  A defaulted defendant is not deemed to have admitted a plaintiff's legal theories or merely conclusory assertions.  Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); Wright, Miller, & Kane, *Federal Practice and Procedure: Civil,* § 2688, p. 63 (3rd ed. 1998).  The standard for determining the legal sufficiency of allegations is provided by, *e.g.*, Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); and the statutory or common law governing the particular causes of action.

A defaulted defendant is not deemed to have admitted a plaintiff's factual allegations respecting damages and may fully litigate the issue of damages.  Fed. R. Civ. P. 8(b)(6); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *United States v. Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

Regardless of the nature of the asserted claims, neither a plaintiff nor a defaulted defendant has a constitutional, statutory, or rule-based right to a jury trial on the issue of damages.  It is within a court's discretion to determine the type of hearing that is appropriate in the circumstances of a particular case.  Fed. R. Civ. P. 55(b)(2); *Olcott v. Delaware Flood Co.,* 327 F.3d 1115, (10th Cir. 2003); *Matter of Dierschke,* 975 F.2d 181, 185 (5th Cir. 1992); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990); Wright, Miller, & Kane, *Federal Practice and Procedure:  Civil 3d* § 2688, p. 69 (1998); *Moore's Federal Practice* § 55.32[2][e], p. 55-49 (3rd ed. 2011).

**8.**  The *Complaint* contains the following well-pleaded allegations:

**a.**  Plaintiff Mid Central Operating Engineers Health and Welfare Fund ("Fund") is a mutli-employer benefit plan that qualifies as an employee-benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), (2), (3), and (21), and § 1132, and that qualifies as a mutli-employer plan under ERISA, 29 U.S.C. § 1002(37).  The Fund maintains its office and principal place of business in Terre Haute, Indiana.  *Complaint* ¶ 2.

**b.**  The Fund also acts as collection agent for the **(1)** Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Pension Fund") and **(2)** the International Union of Operating Engineers Local Union No. 103's Apprenticeship and Training Fund ("Apprenticeship & Training Fund"), both of which also qualify as employee-benefit plans.  *Id.*

**c.**  Plaintiff John Ballard is a trustee of the Fund and a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21).  He brings this suit on behalf of the participants and trustees of the Fund.  *Id.*, ¶ 3.

**d.**  Defendant RCM Construction, Inc., is an Indiana corporation with its principal place of business in Gaston Indiana.  It is an employer and a party-in-interest in an industry affecting commerce as defined under ERISA, 29 U.S.C. § 1002(5), (11), (12), and (14), and § 1059.  *Id.*, ¶¶ 4 and 5.

5

**e.**  Defendant is a party to, and has agreed to abide by, the terms of collective bargaining agreements between itself and the International Union of Operating Engineers Local Union No. 103 ("Union").  The agreements require Defendant to make contributions to the Fund on behalf of its eligible employees.  *Id.*, ¶¶ 6 and 7.

**f.**  Defendant **(1)** has failed to make timely contributions to the Fund; **(2)** is, thereby, in violation of ERISA, 29 U.S.C. § 1145; and **(3)** has failed to perform obligations under the collective bargaining agreements and the Trust Agreement of the Fund.  *Id.*, ¶ 8.

**9.**  Plaintiffs ask for the following remedies under ERISA, 20 U.S.C. § 1132(g)(2): **(1)** a judgment in the amount of Defendant's delinquent contributions to the Fund, liquidated damages, interest on unpaid and late contributions, and attorney's fees for, and costs of, this action, and **(2)** a permanent injunction enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Fund.

**10.**  This Court has jurisdiction over this action under ERISA, 29 U.S.C. § 1132(e), and under the Labor-Management Relations Act of 1947, 29 U.S.C. § 185.

**11.**  Michelle B. Draper is the Fund's Bookkeeping Supervisor.  Her duties include maintaining records on contributing employers to the Fund.  She has personal knowledge of, and has examined, Defendant's account with the Fund and the contribution reports that Defendant has submitted.  *Affidavit of Michelle B. Draper* [doc. 29-1] ("*Draper Affidavit*"), ¶¶ 1 – 3.  She avers the following:

    **a.**  Defendant is required, by its contract with the Union, to make contributions to the Fund on behalf of its eligible employees.  *Id.*, ¶ 2.

    **b.**  The Fund also acts as agent for the collection of contributions which are owed by Defendant to the Pension Fund, the Apprenticeship & Training Fund, the Indiana Constructors Industry Advancement Fund ("ICIAF"), and the Substance Abuse Testing Program (SAT).  *Id.*, ¶ 2 and attached *Summary Statement of Delinquent Amounts* spreadsheet ("*Delinquent Spreadsheet*").

    **c.  Delinquent contributions.**  Defendant is delinquent in its contributions to the following funds in the following amounts for employees' work that was performed during the period of March through December, 2014.  *Id.*, ¶ 3 and *Delinquent Spreadsheet.*

| | |
|---|---|
| Health & Welfare Fund (Plaintiff) | $50,385.00 |
| Pension Fund | 49,712.95 |
| Apprenticeship & Training Fund | 5,040.39 |
| ICIAF | 873.68 |
| SAT | 201.63 |
| Total | **$106,213.65** |

    **d.  Interest.**  The trust agreements of the Fund and the funds for which it acts as collection agent uniformly assess interest on delinquent contributions at the rate of 9% *per annum*.  Defendant owes interest of **$8,233.52** for unpaid contributions ($5,149.92, for the period March through December 2014) and contribution payments that were late

7

($3,083.60, for contributions due April 2013 through February 2014). *Id.*, ¶ 4, *Delinquent Spreadsheet,* and attached *Billing Status Report* spreadsheet ("*Late Spreadsheet*").

   **e. Liquidated damages.** The trustees of the funds assess liquidated damages in the amount of 15% on all delinquent contributions. Defendant owes liquidated damages in the amount of **$28,916.49** for unpaid contributions ($15,014.69, for the period March through December 2014) and late-paid contributions ($13,901.80, for contributions due for April 2013 through February 2014). *Id.*, ¶ 4, *Delinquent Spreadsheet,* and *Late Spreadsheet.*

   **f.** Failure of employers timely to pay contributions causes problems for the funds. Late contributions necessitate special handling and posting. Participants in the Fund could lose eligibility for benefits if contributions are not timely paid. Federal law requires the *Pension Fund* to credit employees' accounts with the contribution amounts that are due even if the contributions are not paid. Employees frequently call the Fund to inquire whether the funds have received delinquent contributions, which diverts employees from performing their regular work duties. All participants necessarily finance the cost of these extra duties.

   **12.** Neither a trial nor a formal evidentiary hearing is required in order to determine damages. Plaintiffs have submitted adequate and credible affidavits to support their requested judgment and injunction and Defendant did not dispute any of Plaintiffs' showing, request a trial or hearing, or make a proffer of, or otherwise show, any evidence that warranted a trial or formal evidentiary hearing.

8

13.   Plaintiffs' counsel, Frederick W. Dennerline, III, a partner in the law firm of Fillenworth Dennerline Groth & Towe, L.L.P., is familiar with the firm's billing practices and recordkeeping and he examined Plaintiffs' account related to this action. *Affidavit of Frederick W. Dennerline, III* [doc. 29-2] ("*Dennerline Affidavit*"), ¶ 1. He avers the following facts.

a.   Billings for work already performed and anticipated billings for work yet to be performed, related to this action, total 9.1 hours. The usual hourly rate for these services is $220 per hour. Costs in this action are $400. *Id.*, ¶¶ 2 and 3.

b.   Plaintiffs have paid, incurred, and are expected to incur attorney's fees and costs to litigate this action in the total amount of **$2,402.00**. *Id.*, ¶3.

14.   The averments of the *Draper Affidavit* and *Dennerline Affidavit* are credible and undisputed.

15.   The well-pled allegations of the *Complaint* and the undisputed and credible averments of the *Draper Affidavit* establish that Defendant has violated ERISA, 29 U.S.C. § 1145, and the terms of the collective bargaining agreements between it and the Union by failing to make timely contributions to the Fund on behalf of its eligible employees in the amounts and for the dates shown in the *Draper Affidavit* and its attached *Delinquent Spreadsheet* and *Late Spreadsheet*. The *Draper Affidavit* and its attached spreadsheets accurately calculate the amount of interest and liquidated damages provided in the funds' trust agreements on account of Defendant's unpaid and late contributions.

**16.**   ERISA authorizes this action to enforce Defendant's obligations to make contributions as required by the collective bargaining agreements between it and the Union.  29 U.S.C. § 1132(g)(2).  Under ERISA, Plaintiffs may recover a judgment for **(a)** contributions that were unpaid at the time suit was filed; **(b)** interest, at the rate provided under the plan, on the unpaid contributions; **(c)** a penalty of the greater of either the interest on the unpaid contributions or plan-defined liquidated damages in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the unpaid contributions; **(d)** reasonable attorney's fees and costs of the action; and **(e)** such other legal or equitable relief as the Court deems appropriate.   29 U.S.C. § 1132(g)(2).  Plaintiffs may recover a judgment for contributions that became unpaid after suit was filed; interest and liquidated damages damages thereon and on contributions that were paid late before suit was filed; and for any additional penalties and other remedies under federal common law.  *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 654-55 (7th Cir. 2001).

**17.**   ERISA authorizes the Court to enjoin Defendant from violating ERISA, the terms of the Fund plan and trust agreement, and the terms of the collective bargaining agreements.  29 U.S.C. § 1132(a)(3).

**18.** Defendant violated ERISA and the collective bargaining agreements between it and the Union by failing to pay contributions in the amount of $106,213.65 for the period March through December, 2014.[1]

**19.** Defendant paid contributions late for the period April 2013 through February 2014, as shown in the amounts and on the dates shown in the *Late Spreadsheet.*

**20.** Defendant owes interest on the unpaid and late contributions in the total amount of $8.233.52.

**21.** Defendant owes liquidated damages for its unpaid and late contributions in the total amount of $28,916.49.  The funds' rate of 15% on the unpaid contributions is less

---

[1] As noted above, the *Complaint* alleges that the Fund acts as collection agent for employers' contributions to the Pension Fund and the Apprenticeship & Training Fund.  *Complaint* ¶ 2.  In her affidavit, Ms. Draper averred that the Fund acts as collection agent for the Pension Fund and "three other funds," which she did not identify.  *Draper Affidavit* ¶ 2.  Ms. Draper's supporting *Delinquent Spreadsheet* shows her calculations of Defendant's unpaid contributions to the Fund, the Pension Fund, the Apprenticeship & Training Fund, and two other funds:  the Indiana Constructors Industry Advancement Fund ("ICIAF") and the Substance Abuse Testing Fund ("SAT").  Ordinarily, it is the well-pleaded allegations of a complaint that are deemed true as a result of a defendant's default.  However, the Court may find that Defendant also failed to make required contributions to the ICIAF and SAT because Ms. Draper's affidavit, the *Delinquent Spreadsheet*, Plaintiffs' *Request for Default Judgement and Permanent Injunction*, [doc. 29], and the proposed judgment [doc. 29-3], all assert entitlement to a judgment based on the unpaid contributions to all five funds and they were not disputed by Defendant although it had the opportunity.

In addition, the Court notes that, because the *Late Spreadsheet* failed to separate the late contributions by fund and the *Draper Affidavit*, *Delinquent Spreadsheet*, and *Late Spreadsheet* failed to separate interest and liquidated damages by fund and failed to show the bases for calculations, it would have been impossible for the Court to have calculated a judgment based on only the unpaid and late contributions to the Fund, the Pension Fund, and the Apprenticeship & Training Fund.

In future motions for default judgments, the Court expects Plaintiffs to adhere to the default standards and move for judgments based only on the well-pleaded allegations of complaints and to better itemize their damages and show their calculation methods.

than the 20% limit under ERISA and the amount of liquidated damages is greater than the amount of interest due.

**22.** The *Dennerline Affidavit* accurately shows Plaintiffs' attorney's fees and costs for litigating this suit and the fees and costs are reasonable.  Defendant owes Plaintiffs $2,402.00 of attorney's fees and costs of the action.

**23.** The magistrate judge recommends that the Court enter judgment against Defendant and in favor of Plaintiffs in the total amount of $145,765.66 — representing unpaid contributions of $106,213.65, interest of $8,233.52, liquidated damages of $28,916.49, and attorney's fees and costs of $2,402.00 — in the form of Attachment A to this Report and Recommendation.

**24.** Because the Fund relies on cash flow from employer contributions to provide benefits, and because delinquent contributions impair the ability of the Fund to make accurate financial statements, the actuarial soundness of the funds is jeopardized by Defendant's failure timely to make its required contributions.  Furthermore, the Pension Fund is harmed financially by the legal requirement that it credit employees' accounts with contributions that are due even if their employers fail to remit them.  Administrative hardship also is visited upon the Fund by these delinquencies.

In addition, the Fund will be required to expend resources in the future to bring and maintain litigation like the present action to remedy any future non-payments or late

payments by Defendant.  An injunction will enable the Fund quickly to seek Court intervention and remedies, and will help reduce docket clutter.

For these reasons, Plaintiffs lack an adequate remedy at law and are likely to suffer irreparable injury if Defendant is not enjoined from failing and/or refusing to make timely contributions and payments as required by a collective bargaining agreement and ERISA.

**25.**  The Court should issue the following injunction directed to Defendant, in the form attached as Attachment B to this Report and Recommendation:

It is ORDERED, ADJUDGED, and DECREED that RCM Construction, Inc., should be an is hereby PERMANENTLY ENJOINED, as follows:

RCM Construction, Inc., its agents, servants, employees, and all persons in active counsel and in participation with it, are permanently enjoined from failing and/or refusing to make timely payment of monies due to the Mid Central Operating Engineers Health and Welfare Fund on behalf of all of RCM Construction, Inc.'s employees for whom contributions are required under collective bargaining agreements between RCM Construction, Inc. and any subordinate local union of the International Union of Operating Engineers, beginning with the contributions for the month of January, 2015.  All future contributions shall be paid on or before their due date on the basis specified in the governing collective bargaining agreement between any subordinate local union of the International Union of Operating Engineers and RCM Construction, Inc.

### Notice regarding objections

Within fourteen days after being served with a copy of this report and recommendation, any party may serve and file specific written objections thereto.  28

U.S.C. ▪ 636(b); Fed. R. Civ. P. 72(b)(2).   A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made.   28 U.S.C. ▪ 636(b); Fed. R. Civ. P. 72(b)(3).   Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed.   *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

   **DONE this date:**   06/26/2015


Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

Distribution *via* first-class mail to:

   RCM Construction, Inc.
   c/o John M. Raef, Registered Agent
   9880 S CR 800 W
   Fairmount, Indiana, 46928

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA,
#### INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN BALLARD, trustee, and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,** | |
| **Plaintiffs,** | |
| ***vs.*** | **CAUSE NO.  1:13-cv-1751-JMS-DKL** |
| **RCM CONSTRUCTION, INC.,** | |
| **Defendant.** | |

### JUDGMENT

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiffs recover the sum of **$145,765.66** from Defendant.

**SO ORDERED this date:**

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

Distribution *via* first-class mail to:

> RCM Construction, Inc.
> c/o John M. Raef, Registered Agent
> 9880 S CR 800 W
> Fairmount, Indiana, 46928

# ATTACHMENT B

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA,
#### INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN BALLARD, trustee, and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,** | |
| **Plaintiffs,** | |
| ***vs.*** | **CAUSE NO.  1:13-cv-1751-JMS-DKL** |
| **RCM CONSTRUCTION, INC.,** | |
| **Defendant.** | |

### INJUNCTION

It is **ORDERED**, **ADJUDGED**, and **DECREED** that RCM Construction, Inc., should be and is hereby PERMANENTLY ENJOINED, as follows:

RCM Construction, Inc., its agents, servants, employees, and all persons in active counsel and in participation with it, are permanently enjoined from failing and/or refusing to make timely payment of monies due to the Mid Central Operating Engineers Health and Welfare Fund on behalf of all of RCM Construction, Inc.'s employees for whom contributions are required under collective bargaining agreements between RCM Construction, Inc. and any subordinate local union of the International Union of Operating Engineers, beginning with the contributions for the month of January, 2015. All future contributions shall be paid on or before their due date on the basis specified in

1

the governing collective bargaining agreement between any subordinate local union of the International Union of Operating Engineers and RCM Construction, Inc.

**SO ORDERED this date:**

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

Distribution *via* first-class mail to:

      RCM Construction, Inc.
      c/o John M. Raef, Registered Agent
      9880 S CR 800 W
      Fairmount, Indiana, 46928